**IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA**

GESSLER CLINIC, P.A., a Florida
professional association,

    Plaintiff,

vs.                                                 Case No. 8:20-cv-1591-T-35AAS

                                                          **[Jury Trial Demanded]**

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, a foreign corporation,

    Defendant.

_____/

**AMENDED COMPLAINT FOR
BREACH OF INSURANCE POLICY**

Plaintiff, GESSLER CLINIC, P.A., by and through its undersigned counsel, sues Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, and alleges:

1. This is a cause of action for contractual breach of an insurance policy, which has been properly removed to this Court by the Defendant under 28 U.S.C. § 1441(b).

2. Plaintiff, GESSLER CLINIC, P.A. ("GESSLER"), is a Florida professional association with offices in Polk County, Florida.

3. Plaintiff, GESSLER, operates a multi-specialty medical clinic in Polk County, Florida and employs physicians, nurses and other health care providers, and offers various medical care, diagnostics, testing and surgical procedures. GESSLER operates its medical clinic in Winter Haven, Polk County, Florida.

4. Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, is a foreign corporation that writes and issues policies of insurance in Polk County, Florida.

5. Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, issued a policy

of insurance to Plaintiff with a policy number YU2-651-292083-049 (hereinafter the "Policy"). The Policy provides coverage for the Plaintiff's business operations, including the operations at the following locations: 635 1st St. North, Winter Haven, Florida; and 601 1st St. North, Winter Haven, Florida. A true and correct copy of the Policy is attached hereto as **Exhibit "A."**

6. In December 2019, a new form of corona virus was discovered in an outbreak of the disease in Wuhan, China. The disease caused by this virus, which had not been previously identified, is now known as COVID-19. COVID-19 is an extremely contagious disease that spreads easily between humans. The virus can also survive and spread on surfaces, objects, and the air itself, and can thus be spread through human contact with infected surfaces or object, or merely by breathing in the vicinity of an infected person.

7. COVID-19 quickly spread from China to the United States and other countries across the Earth. On January 21, 2020 the first case of a COVID-19 infection in the United States was reported in Washington. The World Health Organization declared COVID-19 to be a Public Health Emergency of International Concern on January 30, 2020. The virus quickly spread throughout the United States and as of the date of this Complaint, there are reported infections of COVID-19 in all 50 states. As of the present date, there have been in excess of 170,000 deaths from COVID-19 in the United States, 9.451 deaths in Florida, and 358 deaths in Polk County.

8. On March 1, 2020 Governor Ron DeSantis reported the first two positive tests for COVID-19 infections occurred in southwest Florida, in Hillsborough and Manatee counties. The virus quickly spread throughout the State of Florida, including Polk County.

9. By mid-March, 2020, COVID-19 was easily and sustainably spreading throughout the State of Florida, including Polk County. The United Stated Center for Disease Control refers to this phenomenon as "Community Spread."

10. As a direct result of Community Spread, the COVID-19 virus has been present in and on the insured premises of the Plaintiff's above referenced medical practices in Polk County since on or before March 12, 2020, resulting in the infection of both patients and clinical staff.

11. The presence of COVID-19 has, since on or before March 12, 2020, has affected the following parts, portions, contents and improvements of the Premises: (a) furnishings, both clinical and non-clinical; (b) medical equipment; (c) the air; (d) the air-conditioning system; (e) plumbing and plumbing fixtures; and (f) usable clinical surfaces.

12. As a direct result, Plaintiff has been forced to take action to restrict or eliminate certain medical practices and effectively cease certain operations within the insured premises, due to professional and ethical concerns about spreading COVID-19 to patients or personnel.

13. The Policy issued by the Defendant to Plaintiffs is an all risk policy, providing coverage for all risks of actual physical loss unless excluded in the Policy.

14. The global pandemic of COVID-19, including the actual presence of COVID-19 in and around the insured premises is not excluded as a covered cause of loss under the Policy.

15. The Policy includes coverage for loss of business income as a result of the suspension of Plaintiffs' business operations as a result of a covered cause of loss.

16. Plaintiff's business operations have been suspended as a result of a covered cause of loss, and Plaintiff has suffered damages covered by the Policy. None of Plaintiff's claims are excluded by any exclusion contained in the Policy.

17. Plaintiff notified Defendant of its claims under the Policy on April 20, 2020.

18. The Defendant has denied Plaintiff's claims via letter dated April 21, 2020. A true and correct copy of the denial letter is are attached as **EXHIBIT "B."**

19. All conditions precedent to the filing of this lawsuit have occurred or have been

waived or excused.

20. Pursuant to the terms of the Policy, LIBERTY MUTUAL FIRE INSURANCE COMPANY is obligated to provide coverage, adjust the claim, and pay the loss of business income and extra expense incurred by the Plaintiff as a result of the COVID-19 Community Spread at its insured premises and throughout Polk County and surrounding areas and the resulting governmental suspension of certain business operations.

21. Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, has breached the Policy by denying the claim and failing and refusing to adjust and pay the insured losses sustained by the Plaintiff.

22. As a direct and proximate cause of the breach of the Policy by Defendant, the Plaintiffs have suffered damages in excess of $75,000.00.

23. Plaintiffs have become obligated to retain counsel to represent them in this insurance dispute and Defendant is obligated to pay Plaintiffs' reasonable attorney's fees pursuant to F.S. §627.428.

WHEREFORE, Plaintiff, GESSLER CLINIC, P.A. demands judgment for damages, prejudgment interest, costs and attorney's fees against Defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, for jury trial of all claims so triable, and for such other and further relief as this Court deems necessary and proper.

Respectfully submitted this ___ day of August, 2020

**PETERSON & MYERS, P.A.**
By: _/s/ E. Blake Paul_____.
**E. Blake Paul, Esquire**
Florida Bar No. 0086118
**J. Davis Connor, Esquire**
Florida Bar No. 0714313
Post Office Box 24628

                                       Lakeland, Florida  33802-4628
                                       Telephone:  (863) 683-6511
                                       Facsimile:  (863) 884-1629
                                       EBPPleadings@petersonmyers.com
                                       *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on this 25th day of August, 2020, I electronically filed the foregoing via CM/ECF which will provide an electronic copy to:

William R. Lewis, Esquire
wlewis@butler.legal
John V. Garaffa, Esquire
jgaraffa@butler.legal
Butler Weihmuller Katz Craig, LLP
400 N. Ashley Dr., Suite 2300
Tampa, FL 33602
*Attorneys for Defendant*

                                       By:  */s/ E. Blake Paul*          .
                                       **E. Blake Paul, Esquire**